Filed 5/28/24  P. v. Westmoreland CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>PAUL WESTMORELAND,<br><br>        Defendant and Appellant. | A166966<br><br>(Contra Costa County<br>Super. Ct. No. 05000517854) |

Paul Westmoreland (appellant) appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1172.6.[1]  We reverse and remand.

### BACKGROUND

In 2009, appellant was convicted, following a jury trial, of first degree murder and other offenses.  This court affirmed the conviction on direct appeal.  (*People v. Westmoreland* (Jul. 11, 2013, A127394) [nonpub. opn.].)

---

[1] All undesignated statutory references are to the Penal Code. Section 1170.95 was renumbered section 1172.6, without substantive change, effective June 30, 2022.  (Stats. 2022, ch. 58, § 10.)  For clarity, we will refer to the section by its current numbering.

1

In 2022, appellant filed a petition for resentencing.  The trial court appointed counsel and received briefs; the parties waived oral argument.  The court found appellant failed to establish a prima facie case for relief and denied the petition.

DISCUSSION

"Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) significantly limited the scope of the felony-murder rule," providing that "a defendant who was not the actual killer and did not act with the intent to kill can only be liable for murder if she was a major participant in the underlying felony and acted with reckless indifference to human life."  (*People v. Guiffreda* (2023) 87 Cal.App.5th 112, 122–123.)  "Senate Bill No. 1437 also established a new procedure to allow defendants who could not have been convicted under the new law to petition the sentencing court to vacate their murder convictions and resentence them on any remaining counts.  (See § 1172.6, subd. (a); [citation].)  After receiving a petition containing the required information, 'the court must evaluate the petition "to determine whether the petitioner has made a prima facie case for relief." ' [Citation.]  If the defendant makes a prima facie showing of entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether relief should be granted.  (§ 1172.6, subds. (c), (d)(3).)"  (*Guiffreda,* at p. 122.)

"[T]he prima facie inquiry . . . is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' [Citation.] . . . 'However, if the record, including the court's own documents,

"contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

"Appellate opinions . . . are generally considered to be part of the record of conviction." (*Lewis, supra,* 11 Cal.5th at p. 972.) However, " 'the factual summary in an appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing.' [Citations.] By logical extension, the factual summary also may not be used to determine a petitioner's eligibility at the prima facie stage." (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1183; see also § 1172.6, subd. (d)(3).)

The record of conviction established the following. The information charged both appellant and a codefendant with murder, robbery, and burglary. The information alleged appellant personally used a weapon, to wit, a knife, in the commission of the murder (§ 12022, subd. (b)(1)), but did not so allege as to his codefendant. His codefendant's case was severed and she pled guilty or no contest to voluntary manslaughter, robbery, and burglary. At appellant's trial, the jury was instructed on felony murder, as well as on conspiracy and aiding and abetting principles. As to the personal use allegation, the jury was instructed that "personal[] use[]" of a weapon meant "the defendant must have intentionally displayed a weapon in a menacing manner or intentionally struck or hit a human being with it." The jury found appellant guilty of first degree murder (and robbery and burglary) and found the personal use enhancement true.

In denying appellant's resentencing petition, the trial court found the above facts in the record of conviction conclusively demonstrate the jury convicted appellant as the actual killer. We disagree. "The question at the prima facie stage of the section 117[2.6] analysis is whether, *as instructed*, it

3

was *possible* for a juror to convict [appellant] of first degree felony murder as other than the actual killer." (*People v. Harden* (2022) 81 Cal.App.5th 45, 54, fn. 7, second italics added; see also *People v. Davenport* (2021) 71 Cal.App.5th 476, 481 ["In making this [prima facie] assessment, the trial court 'should accept the assertions in the petition as true unless facts in the record conclusively refute them as a matter of law.' "].) Neither the codefendant's plea to voluntary manslaughter nor the absence of a personal use allegation as to the codefendant in the original information establishes the lack of evidence that the codefendant was the actual killer. Therefore, they do not conclusively demonstrate the jury found appellant was the actual killer. Similarly, the jury's true finding on appellant's personal use enhancement proves only that appellant used a knife *either* by displaying it in a menacing manner *or* by striking the victim with it.[2]

On appeal, the People additionally point to the jury's true finding as to a felony-murder special circumstance allegation (§ 190.2, subd. (a)(17)). As appellant argues, under the instructions given for this allegation, the true finding does not conclusively demonstrate the jury found appellant was the actual killer.

Accordingly, we will reverse and remand for the trial court to hold an evidentiary hearing on appellant's resentencing petition.

---

[2] Cases relied on by the People are easily distinguishable. (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 893 [no prima facie entitlement to relief for attempted murder conviction where record established the defendant "alone attempted to commit murder"]; *People v. Garcia* (2022) 82 Cal.App.5th 956, 969–972 [in appeal following evidentiary hearing, the record established the defendant was convicted as the actual killer and "[the] defendant did not seek to present any new or additional evidence"].)

4

## DISPOSITION

The trial court's order denying the petition is reversed and remanded with directions to issue an order to show cause under section 1172.6, subdivision (c), and hold a hearing pursuant to section 1172.6, subdivision (d), to determine whether to vacate appellant's murder conviction and recall his sentence and resentence him.

SIMONS, J.

We concur.

JACKSON, P. J.
CHOU, J.

(A166966)

5